2090197, Dade County Facility Operations v. Dominguez Counsel, you may proceed May it please the Court, Counsel, my name is Bernard Wiersacki I represent the County of Lake, employer in this matter This is a review of the decision of Arbitrator Bacci granting a permanent total disability award Mr. Dominguez was a janitor, worked for the County of Lake in October of 2001 Slipped on stairs, mopping floors, and he complained of neck, back, and shoulder pain He was treated by two distinct doctors The first doctor for the neck and back pain was a Dr. Shaku Shabria, a neurologist For his shoulder pain, which he began treatment almost a year after the accident was a Dr. Lowe, who was an orthopedic surgeon The only surgery that was done in this matter was by Dr. Lowe who performed an arthroscopic surgery to repair a torn rotator cuff The arbitrator decided this matter based on the medical records from Dr. Shabria and the employee's IME doctor, Dr. Blonsky in finding that there was a permanent total disability There are three ways of finding permanent total disability One is by a preponderance of the medical evidence The other is by showing a diligent but unsuccessful job search And third is where no jobs are available because of age or training, education, or condition Now, in this case, Dr. Lowe, who performed the surgery on the employee's shoulder provided a restriction of 20 pounds of lifting and no overhead work for his shoulder The county sent a letter on April 28th from the Human Resources Department to return back and we will accommodate that restriction as provided by the doctor What happens is that the employee returns but he doesn't go to who he was directed to go to He was supposed to return to the facilities manager, Mr. Janda and he goes to see a friend of his who's a foreman on the third shift and says, do you have work for me? And he says, no, we don't have any work for you And he leaves The county sends a second letter a couple of days later and this one authored by Mr. Janda, the facilities manager, his boss and repeats that we have a job available for you repeats that it is a light-duty job and goes into great detail and outlines the type of work that is available to him upon return  He decides to retire He makes no effort at trying to work nor ever thereafter to ever look for any type of employment Counsel, why don't we take the causation issue first You're challenging that the condition of the claimant's left shoulder was causally related to the accident on October 19, 2001, correct? It is causally related, yes You acknowledge that? Yes Okay So the arbitrator goes back to look at two doctors He totally avoids mentioning anything about Dr. Logue, who was the treater physician and his evidence deposition He doesn't mention anything of Dr. Chabria's evidence deposition but goes basically on her reports, which is a dysfunction from what her evidence deposition said Dr. Chabria provided a light-duty slip Did she testify in her deposition that, in her opinion, he was permanently and totally disabled? She did testify to that at one time Later, she testified when I asked her if he was totally disabled was that a temporary disability and she said yes because of her shoulders and that's at page 326 I further asked her if, in fact, the county had offered him a position of 20 pounds as a light-duty restriction would you go back to your previous recommendation to do light-duty and she said, I think light work is just fine and that's at page 325 Logue treated the shoulder, didn't he? That's correct Didn't he say that he did not expect his condition would significantly improve? No, that's not what he said He did not testify to that? He testified that he could go back to work He first had a restriction of 50 pound lifting restriction, no overhead weight Then he later gave a restriction that said that he could do 20 pounds lifting, no overhead work The accommodations that the county was providing to him were all under his restriction My only question is, my notes indicate that during his deposition he said he did not expect the condition would significantly improve Do you think my notes are wrong? I'm sorry We'll look at the deputy In fact, he indicated that he did not believe that Mr. Dominguez was permanently restricted and on page 377 is his release from further care with the 20 pound restriction that I had mentioned Dr. Chabria also requested a functional capacity examination The functional capacity examination repeated what both Dr. Chabria and Dr. Logue had said as far as a light duty restriction and a 20 pound lifting restriction In fact, the FCE went further to say he probably could do more but he did not exert the effort as far as performing the FCE was concerned Ultimately, the burden of proving that he is not capable of working rests on him As he went to Dr. Blonsky, neither did he tell Dr. Chabria nor Blonsky that light work was available to him But the bottom line of Dr. Blonsky's, even his report says that the individual is capable of doing light work that the county had provided Even though these facts were presented, they were not taken into consideration by the arbitrator For those reasons, we believe that the case should be reversed and that he should be provided an award of a percentage of man as a whole and a percentage of the loss of use of the arm for his injuries that he received in October of 2001 Thank you, Counsel Good afternoon, Justices, Counsel I'm Richard Schulberger for Mr. Dominguez in this case This is pure and simple a manifest weight of the evidence case choice of which expert the arbitrator chose to credit Dr. Logue was the doctor who treated this man's shoulder  The arbitrator chose not to rely on that opinion in regard to this man's capacity to engage in any employment He chose to accept the opinions of Dr. Chabria and Dr. Blonsky And it is completely within his prerogative and within the discretion of the commission to make that decision And I don't think, I think it is beyond the scope of this review to second-guess that Looking just at Dr. Chabria's opinion and Dr. Blonsky's opinion, the finding is well-founded Dr. Chabria provided her records show that she repeatedly said that this man was permanently and totally disabled Counsel alludes to a time during this case when Dr. Logue had allowed Mr. Dominguez to return to a job with a 20-pound lifting restriction And that was relative to the shoulder He then consulted Dr. Chabria Dr. Chabria gave him restrictions as well, saying he could try to do this work Those restrictions were somewhat more limited than Dr. Logue's He went to the county, he said, these are my restrictions, will you accommodate them? And they said, we'll accommodate Dr. Logue, but we're not going to accommodate Dr. Chabria So he came back to Dr. Chabria, continued her care, and she said, well, I think you were permanently disabled They didn't let you try it I think you need to retire because of medical necessity And that's what she says in her deposition Now in her deposition, she says a lot of things She does say that an attempt at light-duty work, she wouldn't have a problem with it In fact, she had recommended it, they wouldn't let him do it She also said that she had recommended to Mr. Dominguez that he retire And that the reason for that recommendation was because it was medically necessary She said that she had reviewed the SCE, and that while he had demonstrated the capacity to do some work That when he was engaged in that, he had severe pain And that while a person may be able to tolerate severe pain during a day They can't tolerate it on a daily basis Or it can't be expected to, and she didn't expect that he could She said that he could try light work But what would happen is she would be worried that he would be just hurting himself over and over again That it would be harmful for him to try And I think that the arbitrator drew the correct inference from this And that is that he is permanently and totally disabled Dr. Blotsky's opinion I've cited the actual statement of his opinion in the brief There is no question that he said that this man needs to have a pain program to deal with the pain problem that he was having And that if they provide it, and if it succeeds, then perhaps he would be able to engage in gainful employment It is clear that there was never any offer of that There was certainly no suggestion that he had improved And I think that opinion stands for the proposition that Dr. Blotsky said he was permanently and totally disabled The commission inferred that meaning from that statement And I think the commission's decision has to be affirmed Thank you, counsel Any reply? Yes, I have five minutes Very short It should be noted that Dr. Chabria was treating Mr. Dominguez periodically And it was for a neck and back strain This was not a herniated disc This was not something where he had had injections for pain It is not something that he, in fact, himself terminated his own physical therapy There is nothing in the record that said that the county would not accommodate light duty work Was that light duty work consistent with the restrictions by Dr. Logue? Yes, and it would be consistent with the restrictions that Dr. Chabria, as she testified in her evidence deposition, that he could do Was that ever conveyed to him in a letter? It looked like the letters in the record indicate that you could comply with Dr. Logue, but not with the additional restrictions imposed by his other treating doctor Dr. Chabria was not advised of the light duty job So the next month, she indicated he should retire The individual did not tell Dr. Chabria or Dr. Blonsky of the letters that had been sent to him as far as light duty was concerned But your last duty to him only reflected they couldn't comply with anything other than Dr. Logue's The April 28th letter indicated he was to be going back to his housekeeping staff job with the 20 pound lifting capacity The actual May 4th letter that went by the county did not indicate anywhere that it was simply Dr. Logue's restriction But it was his restriction you referred to But Dr. Chabria had only indicated light duty work She had not indicated any weight amounts or overhead work efforts that were advised And the fact that later she might indicate that the person might injure themselves over and over is again purely speculation Because there is no testimony that he ever attempted any work of any type Whether with the county or anywhere else or ever looked for any other work And Dr. Blonsky even indicated he could do light work And he was not advised, in fact was given the opposite information that any job was offered to him by the county And so for those reasons I think that the decisions of the doctors were not based on all the information and facts that were available Thank you council This matter will be taken under advisement and written disposition shall issue